**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TUIOFU SOOGA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROMEO ARANAS, et al.,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-00816-APG-NJK<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**<br><br>(Dkt. ##23, 24) |

　　　While incarcerated at the High Desert State Prison, plaintiff Tuifu Sooga and other inmates were enjoying Thanksgiving dinner in the prison's "chow hall." During the dinner, a fight broke out between Sooga and another inmate. Correctional officers told them to stop, but they refused. One of the officers opened fire with bird shot: a spray of bbs meant to be a non-lethal alternative to bullets. Bbs penetrated Sooga's chest, entering his heart and liver. Sooga was treated at the prison's infirmary and later at a hospital.

　　　Sooga claims that defendants violated his constitutional rights by shooting him with bird shot—rather than using less harmful means such as pepper spray—and by improperly treating his injuries from the shooting. He sued defendants Governor Sandoval, former Secretary of State Miller, former Attorney General Catherine Cortez Masto, Director of Prisons Cox, Warden Neven, and several medical defendants. Defendants argue that all of Sooga's claims fail because he did not properly bring them through the prison's administrative grievance process. I agree. Because Sooga did not properly exhaust his administrative remedies defendants are entitled to summary judgment.

## I. LEGAL STANDARDS

### A. Summary judgment for failure to exhaust prison remedies

In this circuit, prisoners are not required to allege that they exhausted their remedies; instead, defendants must plead and prove exhaustion.[1] Until recently, defendants could move to dismiss prisoner cases for failure to exhaust under a "hybrid" standard that allowed judges to consider and settle disputed issues of fact under Federal Rule of Civil Procedure 12. Last year, the Ninth Circuit overruled this practice, requiring defendants to now move for summary judgment under Federal Rule of Civil Procedure 56 when seeking to dispose of prisoner cases on exhaustion grounds.

The Ninth Circuit has provided further guidance on resolving summary judgment motions based on exhaustion. "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."[2] Judges may decide disputed issues of fact to determine whether exhaustion occurred—much like judges may decide disputed issues of fact relevant to jurisdiction and venue.[3] Judges have discretion to decide whether additional discovery is needed to determine exhaustion.[4]

All of the other rules of summary judgment apply. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[6]

---

[1] *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.) cert. denied sub nom. *Scott v. Albino*, 135 S. Ct. 403, 190 L. Ed. 2d 307 (2014).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[7] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[8] She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[9]

A party must support or refute the assertion of a fact with admissible evidence.[10] As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[11] Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity. .

If the defendant establishes that the prisoner did not exhaust his remedies with the prison, summary judgment for defendant is proper.[12]

### B.     Properly exhausting claims in prison

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust any available prison administrative remedies before bringing his claims in federal court.[13] This exhaustion requirement is a "centerpiece" of the PLRA's effort "to reduce the quantity . . . of

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[8] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[9] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[10] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[11] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[12] *Albino*, 747 F.3d at 1166.

[13] 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 81, 126 S. Ct. 2378, 2380, 165 L. Ed. 2d 368 (2006).

prisoner suits."[14] The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[15]

Prisoners must exhaust all "available" remedies, not just those that meet federal standards.[16] And they must exhaust remedies "properly." This means the prisoner must comply with "all steps the prison holds out, enabling the prison to reach the merits of the" prisoner's complaints.[17]

When a prison's remedies are effectively unavailable to a prisoner, he need not exhaust. One example is where a prison's actions would lead a reasonable prisoner to believe no remedies were available.[18] But this exception does not apply where a prisoner could not have reasonably believed remedies were unavailable. For example, where a prison told an inmate of deficiencies in his administrative complaint, and the prisoner failed to address them, the Ninth Circuit held that the inmate "could have no reasonable belief that administrative remedies were effectively unavailable."[19] The court reasoned that the prison specifically instructed the inmate on how to proceed, but that the inmate did not follow the prison's simple instructions.[20] Similarly, when a prison imposes procedures so "draconian" they would "trip[ ] up all but the most skillful prisoners," a prisoner may be excused from using his prison's administrative process.[21] Finally,

---

[14] *Id.*

[15] *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

[16] *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

[17] *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

[18] *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010).

[19] *Id.* at 827.

[20] *Id.*

[21] *Id.*

remedies may be deemed unavailable where the prison rejects complaints for improper reasons—"i .e. for reasons inconsistent with or unsupported by applicable regulations."[22]

The Nevada Department of Corrections provides inmates with a three-level grievance process. The first level is an informal grievance, the second and third levels are more formal reviews. To comply with NDOC's regulations, and thus to exhaust his remedies, Sooga was required to properly bring his grievances through each of these three levels of review. NDOC's regulations require all grievances to be signed and dated. The second and third level grievances must be filed along with copies of all prior grievances.[23]

### III. DISCUSSION

Sooga submitted three grievances to the prison related to the shooting incident. Each time he filed his grievances, he failed to follow all the steps held out by the prison; as a result, the prison never reached the merits of his complaints. As explained at length above, when an inmate fails to comply with a prison's administrative process, he has failed to exhaust his remedies and cannot bring a federal claim. The only exception is where these remedies are effectively unavailable to the inmate for some reason, and Sooga has not shown that was the case here. He has thus failed to exhaust his administrative remedies.[24]

Sooga's grievances failed to comply with the prison's administrative process for multiple reasons. Some of Sooga's grievances were unsigned and undated,[25] and some of them did not include the documentation required by the prison.[26] Each time Sooga submitted a defective

---

[22] *Id.*

[23] The formal grievance forms expressly states that the informal grievance must be attached to the formal grievances. (*See* Dkt. #

[24] (Dkt. #24-10; Dkt. #24-6.)

[25] (Dkt. #24-8 (unsigned grievance); Dkt. #24-9 (same).).

[26] (Dkt. #24-10; Dkt. 24-6.)

1  grievance, the prison issued him a response explicitly telling him how to fix it.[27]  Like the inmate
2  in *Sapp*, Sooga ignored these responses and the prison never reached the grievances' merits.[28]

3        Sooga argues I should treat his claims as properly exhausted because the prison's
4  grievance procedures are redundant.  After all, he argues, the prison probably maintained the
5  paperwork they required him to attach.[29]  Sooga fails to address the fact that some of his
6  grievances were unsigned and undated.[30]  But more importantly, regardless of whether the
7  prison's procedures were redundant, the fact remains that Sooga has provided no authority or
8  analysis indicating that remedies were unavailable to him had he followed the prison's
9  procedures.  Nor does he provide any authority or analysis to suggest that the prison's procedural
10 requirements were so onerous he was effectively barred from seeking remedies from the prison.
11 Instead, he effectively asks me to allow him to ignore the prison's procedures because he
12 considers them redundant or superfluous.  But to avoid the exhaustion bar, the law requires Sooga
13 to show that the prison's procedural requirements made remedies effectively unavailable to him,
14 and he has not done so.  Defendants' motion for summary judgment is therefore granted

## IV.    CONCLUSION

        IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Dkt. # 24) is GRANTED.

---

[27] (Dkt. #24-8 (response from the prison stating that the grievance was being returned because it was unsigned and that not signing is equivalent to abandoning a claim); Dkt. #24-9 (same); Dkt. #24-10 (prison response informing plaintiff that he should resubmit with the prior grievance attached).).

[28] (*See, e.g.,* Dkt. #24-10 (a copy of plaintiffs' grievance which is filed without attaching prior grievance).)

[29] Sooga also argues that the prison procedures did not require documentation to be attached because the prison's official regulations did not state this requirement.  But the prison's grievance form expressly states that copies of prior grievances must be attached.  The prison further told Sooga of this requirement and gave him the option to fix his grievances.  Sooga provides no authority or analysis to suggest that a prison cannot put procedural requirements in its grievance forms.

[30] L.R. 7-2(d).

IT IS FURTHER ORDERED that defendants' motion to dismiss (Dkt. #23) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk is directed enter judgment in defendants' favor and to close this case.

DATED this 20th day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE